# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KRISHNA REDDY,**

                    **Plaintiff,**

**-vs-**                                                 **Case No. 6:13-cv-1304-Orl-18DAB**

**GILBERT MEDICAL TRANSCRIPTION
SERVICE, INC., ET AL,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** August 26, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).  Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted).  Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally construed.  *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007). Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than

an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, the affidavit filed in support of the motion does not establish that Plaintiff is entitled to pauper status. Even if she were not disqualified due to her assets, however, the Complaint must be dismissed.

The instant action appears to be duplicative of an action filed in the Central District of California. Plaintiff alleges, in pertinent part:

> 1. The District Court has original jurisdiction over this action pursuant to 28 USCA Section 1331. This civil action arises under the laws of the United States. I am alleging a violation of my rights under Civil Rights Acts of 1871 and 1991, as amended, 42 U.S.C. Sections 1981 and 1985, and **venue herein is proper in the Central District of California** pursuant to 28 USCA Section 1391(b)(2), as I am a resident of California and sustained damages here in California. **A prior action was filed against these defendants in the Central District of California, the case of Reddy v. GMT'S, et.al., case number CV-I0-00524-JFW**. However, the Central District of California declined to exercise jurisdiction over the defendant Felicia Slattery. Therefore, **this action is being re-filed in this Court as to the defendant Felicia Slattery**, who is a resident of the State of Florida, and this action includes the supplemental causes of action that arose after filing of the original action in the Central District of California against all the defendants based on evidence that I received on August 26, 20 10, from some of the defendants, and based on the judicial determinations that became final in the prior action, as those adverse determinations were not appealed by any of the defendants. The District Court also has supplemental jurisdiction over those supplemental claims pursuant to 28 USC Section 1367, as the claims against each of them are related to the claims upon which the original jurisdiction is based.
> 2. The amount in controversy exceeds $75,000.00, exclusive of the interest and the costs.
> 3. Once all the defendants make appearance in this action, I will submit a motion for change of venue back to the Central District of California, Riverside Division, **as venue is proper in the Central District of California, in the Riverside Division.**

(Doc. 1, p. 2, emphasis added).

Plaintiff further alleges that the case has proceeded to a conclusion in California and "an appeal is still pending in the Ninth Circuit Court of Appeals." (Doc. 1, p. 10).[1] In the instant action, she purports to sue all the named Defendants for a variety of California state law violations, and for "Violation of Civil Rights and Constitutional Rights," specifically 42 U.S.C. § 1981 and 42 U.S.C. § 1985 (which is alleged to forbid discrimination "based on my status as a Californian"). As in the California action, Plaintiff alleges that she was employed by Gilbert Medical Transcription Service ("GMTS") and (apparently) was offered health insurance at premiums higher than those offered Florida employees. Plaintiff alleges that Defendants discriminated against her in making contracts and inflating premiums for health insurance, as well as "indulging in an extremely oppressive conduct during the litigation in the prior case." (Doc. 1, pp. 14-15). As is clear, there is no claim pled that is cognizable in this Court.

Federal courts are courts of limited jurisdiction. Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332. Here, neither is properly pled.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Federal diversity jurisdiction exists only when there is complete diversity between the plaintiffs and the defendants and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co.*

---

[1] According to the docket in the California case, the case is long closed, with the appellate court issuing its mandate affirming the judgment of the District Court, including the imposition of sanctions against Plaintiff, in June 2012. *Reddy v. Gilbert Medical Transcription Service, Inc., et al,* Case No.: 2:10-cv-00524-JFW-DTB (C.D. Calif.).

*v. Kroger,* 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). Plaintiff, a resident of California,[2] has sued a variety of Defendants, without any allegations as to their citizenship. Moreover, Plaintiff has affirmatively alleged that some of the Defendants "could be residents of the States of California, Florida or Washington" (Doc. 1, p. 3). If any Defendant is a citizen of California, and Plaintiff is a citizen of California, diversity jurisdiction does not exist. The Complaint cannot support exercise of diversity jurisdiction.

As for federal question jurisdiction, Plaintiff claims a cause of action pursuant to 42 U.S.C. §§ 1981 and 1985, allegedly arising from "discriminatory conduct .... in making the contracts, as well as in the inflating my premiums for health insurance." Plaintiff affirmatively alleges, however, that she filed a prior action against these defendants for the discriminatory employment practices, civil conspiracy and other claims alleged again here. Moreover: "The Central District of California found that no contract existed between the GMTS defendants or the Matchmaker defendants and me." (Doc. 1, p. 9). To the extent these alleged wrongs were included in a prior/pending action in California, they are not actionable here. "A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." *Crisalfi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981), *citing Van Meter v.Morgan*, 518 F.2d 366, 368 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975). A duplicative complaint that is filed by a plaintiff proceeding in forma pauperis may be dismissed. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Verner-Buchowski v. Beary*, No. 6:09–cv–1966–Orl–31GJK, 2009 WL 4730544, *1 (M.D. Fla. Dec. 7, 2009) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious."); *Hakim v.*

---

[2] Note that it is the citizenship and not the mere residence of a party that must be alleged and established for diversity jurisdiction purposes. *Travaglio v. American Exp. Co.,* _ F. 3d. _, 2013 WL 4406389, *3 (11th Cir. Aug. 19, 2013) ("Residence alone is not enough.").

*Levinson,* Civil No. 09-5533, 2010 WL 1705773, *1 (D.N.J. Ap. 26, 2010) ("Complaints may be dismissed as frivolous when they seek to relitigate claims alleging substantially the same facts arising from a common series of events which were previously dismissed.").

To the extent the instant complaint reflects some additional Defendants and Plaintiff has modified her allegations somewhat, dismissal is still appropriate. To the extent she seeks to add new remedies to her dismissed or adjudicated claims against the same defendants, she likely runs afoul of the rule against splitting causes of action. *See Bowman v. Coddington*, No. 8:12–cv–1416–T–24 TBM, 2012 WL 3713580 (M.D. Fla. Aug. 28, 2012), *affirmed Bowman v. Coddington*, --- Fed.Appx. ---- (11th Cir. Apr 18, 2013) (Table, NO. 12-14798) (applying the rule, noting: "All damages sustained or accruing to one as a result of a single wrongful act must be claimed or recovered in one action or not at all."). To the extent she adds new defendants, she does not provide factual allegations as to actions by specific defendants sufficient to support any plausible non-duplicative claim under *Iqbal*.

As the instant action seeks to "relitigate substantially the same facts arising from a common series of events," the Court finds the instant Complaint to be duplicative and frivolous, and therefore **recommends** that the motion to proceed as a pauper be **denied** and the Complaint be **dismissed**.[3]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 28, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3]There are numerous other defects in the pleadings, including Plaintiff's affirmative allegation that venue does not lie in this Court, which the Court need not reach as it is plain no jurisdiction exists over this matter.

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy